United States District Court
Southern District of Texas
**ENTERED**
August 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARCOS ORTIZ, <br> TDCJ #01049113, <br><br> Plaintiff, <br> VS. <br><br> UNKNOWN JEFFERSON, *et al*, <br><br> Defendants. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 3:18-CV-0226 <br> § <br> § <br> § <br> § |

## ORDER OF DISMISSAL

Marcos Lopez Ortiz, currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this civil rights suit on August 10, 2018. Ortiz has not paid the filing fee and seeks leave to proceed *in forma pauperis* (Dkt. 2). He has not supplied a certified trust fund account statement. Having reviewed the pleadings and the plaintiff's litigation history, the Court **dismisses** this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of Section 1915(g), he may not proceed without prepayment of the filing fee unless he fits

within the "imminent danger" exception at the time his complaint is filed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

Ortiz has filed numerous previous lawsuits, has been sanctioned repeatedly, and is subject to an order precluding him from filing additional suits absent a determination by a district or magistrate judge that his proposed action should be filed. *See Ortiz v. Brown*, 105 F. App'x 607 (5th Cir. Aug. 18, 2004) (imposing three-strikes bar).[1] Therefore, he may not proceed *in forma pauperis* absent a showing of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885. The threat of imminent danger must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and allegations regarding past harms do not suffice. *Banos*, 144 F.3d at 885; *see Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Ortiz names three Defendants in this lawsuit, all of whom are at the Polunsky Unit. He alleges that Defendant Corbett, a correctional officer, "confiscated and destroyed" his legal papers and "threatened [his] life" (Dkt. 1, at 3); that Defendant Bush, also a correctional officer, "delivered threats against [his] life" and "conspired" (*id*.); and that Defendant Jefferson, the warden at the Polunsky Unit, failed to train and supervise

---

[1] Since the three-strikes bar was imposed against Ortiz, he has continue to file lawsuits that have been dismissed pursuant to the bar. *See, e.g.*, *Ortiz v. Livingston*, 3:13-cv-0330 (dismissed Oct. 3, 2013, with additional sanction of $50 imposed "for abuse of the judicial system"); *Ortiz v. Livingston*, 3:12-cv-0015 (dismissed Feb. 2, 2012); *Ortiz v. Sifuentes*, 3:11-cv-0252 (dismissed June 16, 2011); *Ortiz v. Henry*, 3:11-cv-0033 (dismissed Feb. 14, 2011).

his officers and "conspired" (*id*.). He states that he has been assaulted by other inmates and threatened by inmates and guards:

> I've been placed in imminent danger of serious physical injury at Polunsky Unit where I am presently housed. Inmates have been hired to seriously hurt me or kill me and guards have delivered threats against my life. I've been assaulted numerous times by inmates and have sustained serious physical injuries. Prison officials have conspired by changing my claims of assaults to "fights." The threats against my life by both inmates and guards and the assaults I was the victim of at the hands of inmates paid to seriously hurt me or kill me are in retaliation for a lawsuit I filed against prison guards employed at Estelle Unit.

(Dkt. 1, at 4-5). Ortiz's complaint provides no detail about any current threats against him, but rather describes several alleged assaults against him in the past, including an alleged sexual assault at the Estelle Unit in January 2014; an alleged attack at the Ellis Unit on an unspecified date "by 6 or 8 gang members hired by the retaliating guards"; an alleged attack at the Ramsey II Unit on an unspecified date by a "violent mentally disturbed inmate thrown in my cell by friends of the retaliating guards"; and an alleged assault "upon arrival" at the Polunsky Unit, followed by three other assaults "in the following weeks" on unspecified dates (Dkt. 1, at 5). The Court notes that Ortiz's allegations regarding a January 2014 assault at the Estelle Unit were adjudicated in a previous lawsuit before the Honorable Ewing Werlein, Jr., and that a jury returned a verdict in favor of the defendants on all of Ortiz's claims. *See* Dkt. 127, *Ortiz v. Pope*, Civil Action No. 4:14-2895 (S.D. Tex. August 31, 2016).

Although Ortiz invokes the phrase "imminent danger," he has not sufficiently pleaded that he was under a real, proximate threat of imminent danger at the time his complaint in this lawsuit was filed. *See Banos*, 144 F.3d at 885; *Ciarpaglini,* 352 F.3d at

330. Conclusory allegations of imminent danger are insufficient to satisfy the requirements of Section 1915(g). *See Canady v. Roesler*, 668 F. App'x 642 (5th Cir. 2016) (the plaintiff's allegations that he was harassed for his Muslim religious practice, that "an officer pushed him in the chest and insulted him on one occasion almost two years before the filing," and that a disciplinary officer "yelled at him and threatened him two months prior to the filing" are insufficient to show imminent danger); *Stine v. Fed. Bureau of Prisons Designation and Sentence Computation*, 571 F. App'x 352, 353 (5th Cir. 2014) (the plaintiff's "bare assertions that he has been attacked or threatened at unspecified times in the past by other inmates do not rise to the level of plausibly pleading that he was in 'imminent danger of serious physical injury' when he filed his complaint"); *Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011) (the plaintiff's "bare assertions that he has been threatened at unspecified dates in the past by inmates who have beaten other inmates at the direction of one of the defendants" does not satisfy the imminent danger requirement); *Smith v. Blount*, 258 F. App'x 632 (5th Cir. 2007) (conclusional allegations are insufficient under Section 1915(g)).

Because Ortiz is not otherwise eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by Section 1915(g). Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED as moot**.

3. The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas, this 28th day of August, 2018.

_____
George C. Hanks Jr.
United States District Judge